United States District Court
Northern District of West Virginia

Darrell Williams
DTA #4:06

No: 5:20-CV-00019

V

United States of America

defendants, et al

FILED

JUL - 7 2021

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS MOTION TO DESMISS AND
FOR SUMMARY JUDGEMENT

ef: 2833865 pg 2 of 4 for DARRELL WILLIAMS

TABLE OF CONTENTS

Page

I   INTRODUCTION                                              1

II  FActs                                                     3

III Aorgument                                                6

    A. Motion to Dismiss Legal Standard                      6

    B. Defendants Motion to Dismiss Plaintiffs

       Failure to Protect Claim Should Be Denied             7

    C. Defendant Motion for Summary Judgement

       Is Premature                                          14

IV  CONCLUSION                                               18

ef: 2836859 pg 2 of 4 for DARRELL WILLIAMS

Table of Authorities

CASES

Anderson v. Liberty Lobby Inc
    477 US. 242 (1986)

Ashcroft v. Iqbal
    129 SCt 1937 (2009)

Bell Atlantic Corp v. Twombly,
    550 US 544 (2007

Bistrian v. Levi
    696 F.3d 352 (2012)

Celotex Corp v. Catrett
    477 U.S 317 (1986)

Curly v Klem
    298 F.3d 271 (3d Cir 2002

Dee v. Abington Friends Sch
    480 F.3d 252 (3d Cir 2007)

Dowling v. City of Philadelphia
    855 F.2d 136 (3rd 1988)

Estate off Smith v. Marasco,
    430 F.3d 140 (3rd Cir 2005)

Farmer v. Brennan
    511 US 825 (1994)

Harlow v. Fitzgerald
    457 US 800 (1982)

Moore v Taylor
    986 F2d 682 (3d Cir 1993)

Murphy v. Millennium Radio Grp LLC
    650 F.3d (Cir 2011)

Phillips v. Cnty of Allegheny
515 F3d 224 [3rd Cir 2008)

Polleh v. Columbia Broadcasting Sys Inc
368 U.S. 464 (1962)

Rinaldi v. United States
460 Fed Appx 80 ( 3rd Cir 2012)

Saucier v Katz,
533 U.S 194 (2001)

U.S. v Gaubert
499 US 315 (1991)


STATUTES


28 U.S.C 2685 (A)


OTHER AUTHORITIES


Fed. R. Civ. P. 8 (A) (2)
Fed. R. Civ P. 12 (b) (6)
Fed. R. Civ. P 56
Fed. R. Civ. P. 56 (A)
Fed. R. Civ. P 56 (d)

## I. Introduction

On two separate occasions the prison officials at the United States Penitentiary in Bruce Mills, West Virginia (USP Hazelton) failed in their duty to protect Plaintiff Darrell Williams from brutal assaults at the hands of inmates. On the first occasion Mr. Williams had made repeated verbal and written request to be removed from general population, and placed in protective custody, because of his fear of assault by a hostile gang members. He was ignored. Following the first assault Mr. Williams asked on multiple occasions that he not be placed back into general population (GP), because a prison gang killed "Wild West" had legal documents listing Plaintiff as providing information to the government officials, and the violent gang had a hit on Mr. Williams' life, because Mr. Williams was listed as a snitch, And Mr. Williams was heavily threatened badly by violent inmates, if Mr. Williams returned back to GP, he would be assaulted/killed or pay protection dues. Prison officials ignored Mr. Williams' pleas, and Mr. Williams was savagely beaten a second time (Exhibit A)

The individual Defendants and United States of America (collectively, "Defendants") move to dismiss on grounds that Mr. Williams did not plead an Eighth Amendment violation with sufficient specificity. Defendants seek a level of specificity that is not supported by current Fourth Circuit law.

They also seek summary judgement on grounds that Mr. Williams failed to exhaust his administrative remedies or that Defendants are protected by qualified immunity, or the

discretionary function exception. This portion of defendants motion is premature and without merit as no discovery has taken place.

Defendants claims that Mr. Williams failed to exhaust administrative remedies is supported supported by search of the SENTRY system that records exhaustion correspondence. Either the SENTRY system is flawed or Defendants search was inadequate because Mr. Williams has a denial letter stating that he has fully exhausted his administrative remedies (SEE Ex. B). Defendants supported the qualified immunity portion of their motion with various declarations that they never received any of Mr. Williams pleas for protective custody, and a search of yet another system that purportedly records such correspondence and that allegedly came up dry. This search is of course suspect in light of the error that occurred with respect to the SENTRY system. Defendants United States argue that it should be shielded from liability under the Federal Tort Claim (FTCA) because no individual Defendants had a duty to follow a particular course of action with respect to protecting Mr.Williams. To the contrary, several individual Defendants declared that they would have to follow specific protocol if they had only known of the risk Mr.Williams faced. (See e.g. Decl of Francis VanKirk (Ex C), see also e.g. Decl of Myron Bridges (Ex D) also see e.g. Decl of Howard Williams (Ex E). These are exactly the sort of issues that require discovery. Summary judgement is inappropriate. Accordingly Defendants motion should be denied.

-2-

## I. Facts

Because no discovery has taken place, Plaintiff submits that his Amended Complaint and his administrative remedy dued letter (EX. E) represent his full statement of facts at this stage of proceedings. Additionally, Plaintiff submits a detailed Counterstatement and Response to Defendants Statement of Facts "SOMF". For the Courts convenience, a summary of the facts is below.

In 2017, Darrell Williams was a inmate at USP Hazelton. The Mid West Gang of inmates labeled Mr. Williams a "snitch" because they had documents of Mr. Williams providing information to sto to and government official. Mr. Williams had previously been assaulted at USP Terra Haute, in 2009, and at USP Lewisburg, in 2010 and 2011, because he was labeled a snitch. (SEE: US District Court for the Middle District of PA   CASE # 3:16-cv-1235). Mr. Williams also is in a wheel chair and suffers from significate health problem to include Cervical and Lumbar Spine issue.

In April 2017, Plaintiff Darrell Williams arrived at USP Hazelton. At intake time Plaintiff informed a female SIS Tech that his life would danger and that he had previously been assaulted by midwest gang of inmates and there was a hit on his life by the mid west gang of inmates. Even After. (SEE EX. A)

-3.

On April 18 2017, I gave a cop-out to the N.U FA Officer detailing my life was in danger and I requested PC. (SEE EX. G) To no avail.

On 04-18-17, I issued USP 1472 Capt (John Doe) a cop-out detailing my life was in danger, and I requested PC. (SEE EX H) To no avail.

On 04-19-2017 I gave a cop-out to Warden Conkley and A.W Keys detailing my life was in danger, And requested PC. (SEE EX I) To no Avail.

On 04-19-17, I placed a cop-out in the US mail box, Addressed to Warden Conkley + AW Keys detailing my life was in danger And requested PC. (SEE EX. J)

On 04-19-17 I gave Unit Manager Bridges a cop-out detailing my life was in danger, And requested PC (SEE EX K) To Know Avail

On 04-19-17 I gave USP 1472 NU FA Officer, A cop-out, detailing my life was in danger, And requested PC. (SEE EX L)

On 04-20-17 I gave a cop out to USP 1472 NU FA Official, detailing my life was in danger and requesting PC. (SEE EX M) To no Avail.

On 04-20-17, I gave a cop out to Counselor Vanslyke, detailing that my life was in danger, And requested PC. (SEE EX N) To no avail.

·4·



On 04-20-17, I gave a cop out to Warden Oakley detailing my life in danger, and requested P.C. (SEE EX O) To no avail

Williams specifically warned that physical altercation was likely if he wasn't removed from GP, and placed in P.C. On 04-20-17, because those request were ignored, Williams was brutally beat with a lock attached to a belt, in the head and face, by a midwest gang inmate (SEE EX P ).

On 04-21-17, plaintiff mailed a copout to the STS Dept. detailing my life was changed and that I not be returned to VSP + a GP, which was to no avail. (SEE EX Q )

On 04-22-17 plaintiff gave a copout to Warden Oakley and Aw Key, detail my life was in danger and not to send me to G.P. (SEE EX R ) To no avail.

On 04-22-17, plaintiff sent a cop out to Warden Oakley + detailing my life was in danger and please don't send me back to GP. (SEE EX S ) To no avail

On 05-09-17 I sent a complaint to congressman Wm. Lacy Clay, detailing my life being in danger, etc (SEE EX T )

9

On 06-15-17 Warden Conkley responded to Congressman request, and informed Congressman Wm Lacy Clay that Mr Williams was not in danger, and Mr Williams was released back into GP on 05-11-17. (SEE EX U)

From 05-11-17 thru 07-27-18, I gave Cop outs to Warden Conkley, Mr Keys, Cpt, Unit Manager Bridges, SIS, detailing my life was in danger, and requested no. (SEE EX V) to no Avail

On 08-01-18, Mr Williams was again Assaulted, hit in the head with a lock attached to a belt, by a southwest gang inmate, in the cafeteria. (SEE EX W)

Mr Williams, receive stitches on his head, he suffers lasting nerve damage, episodes of dizziness.

II Argument

4. Motion to Dismiss Legal Standard

In reviewing a motion to dismiss or failure to state a claim under Federal Rule of Civil Procedure 12 , A district court must

accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any conceivable reading of the complaint, the plaintiff may be entitled to relief." Phillips v Cnt. of Allegheny, 515 F.3d 224, 233 (3rd Cir 2008). The notice pleading standard of Rule 8(a)(2) does not require "detailed factual allegations." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). Indeed, a court may not dismiss a complaint merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See Phillips, 515 F.3d at 231 (citing Twombly, 550 US at 556). The notice pleading standard requires only that the complaint "state a claim to relief that is plausible on its face." Ashcroft v Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly 550 U.S At 570)

B.   Defendant's Motion to Dismiss Plaintiff's Failure to Protect Claim Should Be Denied.


"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offense against society". See Farmer v Brennan, 511 U.S. 825, 834 (1994). Accordingly, prison officials have "a duty to protect prisoners from violence at the hands of other prisoners" under the Eighth Amendment. To allege a breach of this duty, the plaintiff "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberate indifference to that substantial

-7-

risk to his health and safety, and (3) the officials
deliberate indifference caused him harm".
Bistrian v. Levi, 696 F.3d 352, 367 (2012) (citing
Farmer, 511 U.S. at 834).

Here Mr. Williams repeatedly asked Defendant's
to remove him from G.P. because he has
serious medical problems, had been labeled a "snitch",
And, most notably, had prepeatedly warned Defendants
of the danger he faced. Indeed, the second
Attack occurred months after the first attack.

Defendants attempt to argue otherwise,
claiming that Plaintiff's well-plead fact
amount to nothing more than "conclusions", which,
According to Defendants, "are not entitled to
the assumption of truth." Defendants rely
only on Bistrian in support of this position. (Id.)
(Citing Bistrian, 696 F.3d at 365) But this position
fundamentally mischaracterizes the pleading standard
articulated in Bistrian, And as such Defendants
argument falls flat.

In Bistrian the Third Circuit adhered to a
pleading standard that was entirely consistent
with well-established supreme court law. See 696
F.3d at 365 (citing Iqbal, 556 U.S. at 675-679;
Twombly, 550 U.S. 544) The Third Circuit
provided the following calculus for determining
whether a complaint meets the notice pleading
standard:

"First, we outline the elements a plaintiff
must plead to state a claim for relief.
Next, we peel away those allegations that
are no more than conclusions and thus
not entitled to the assumption of truth.
Finally, we look for well-pled factual
allegations, assume their, we look for well-
pled factual allegations, assume their veracity,
and then determine whether they
plausibly give rise to an entitlement to
relief."

Id. The second step - whether an allegation is
no more than a conclusion - is guided by the
analysis of Supreme Court. See id. (citing
Iqbal, 556 U.S. at 679). Iqbal determined that
"threadbare recitals of a cause of action's elements,
supported by mere conclusory statements" are
not entitled to the assumption of truth. Id.
On the contrary, when a complaint contains
well-pled factual allegations, "a court should
assume their veracity." Id.

Mr. Williams allegations are much more than
"threadbare recitals of a cause of action's
elements." Mr. Williams alleged that he suffers from
serious medical condition and has been libeled a
snitch. Additionally, Williams alleged that
"Defendants [sic] know from experience that inmates
perceived to be adversaries of a particular gang

9.

member, were at risk of harm by other members of the same gang" and that "the risk of harm to such inmates was heightened if they were physically ill and unable to defend themselves". He further alleged that, prior to each attack, he provided repeated verbal and written warnings to Defendants that such an attack was imminent. These are the type of factual allegations that Bistrian deemed sufficient. See 696 F.3d at 368-69 (Bistrian plausibly alleges that certain prison officials actually knew that he faced an excessive risk of harm by being placed in the SHU recreation yard... because he reportedly advised (both verbally and in writing) FDC officials.... of the multiple threats".)

Nothing in Bistrian suggest Plaintiff was required to define "snitch" for the prison official(s), or allege how it is that such a label creates a risk in a prison population. Moreover, Defendants mischaracterize the Amended Complaint by arguing "Plaintiff does not identify the contents with sufficient specificity. He alleged that he made approx. thirty distinct written notices to individual defendants, "specifically warning that a physical altercation was likely if he was not placed on P.C status. And he alleged that P.C was necessary "urgently" and ASAP". Nothing in

Bistrian suggest that these factual allegations should be reduced to legal conclusions undeserving of the assumption of truth. Accordingly Defendants motion to dismiss should be denied.

C. Defendants Motion for Summary Judgement Is Premptive

Summary judgement is Appropriate only "if the movant shows that there is no genuine dispute as to any material fact". Fed.R.Civ.P. 56(a). A disputed fact is material if proof of it's existence or nonexistence would change the outcome of the case. See Anderson v. Liberty Lobby, Inc, 477 U.S. 247 At 247-48 (1986). In making its determination, the court must view all of the facts and all reasonable inferences in favor of the non-moving party. See Moore v. Tayler, 966 F2d 682 (3d Cir 1993).

It is well-settled that motions for Summary Judgement under Rule 56 are predicated on premise that all parties have had an adequate opportunity to conduct discovery. See Celtex Corp. v. Catrett, 477 U.S. 317, 323-26 (1986) (Summary judgement Appropriate only "After Adequate time for discovery"); Anderson 477 U.S. At 247 (Summary)

judgement reserved until plaintiff has had a full opportunity to conduct discovery"); Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3rd Cir 2007) ("If discovery is incomplete in any way material to a pending summary judgement motion, a district court is justified in not granting the motion."); Dawling v. City of Philadelphia, 855 F.2d 136, 139 (3rd Cir 1988) ("The court is obliged to give a party opposing summary judgement an adequate opportunity to obtain discovery.") This is ~~especially~~ especially true ~~here~~ when the nonmovant has had no opportunity to conduct any discovery, and all of the supposed "record" was produced by the alleged wrongdoers, as is the case here.) See Poller v. Columbia Broadcasting Sys, Inc., 368 U.S. 464, 473 (1962)

Premature motions can be adequately dealt with under Rule 56(f) now Rule 56(d), which allows a summary judgement motion to be denied or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." Celotex, 477 U.S. at 326. Moving under Rule 56(d) is particularly appropriate "when there are discovery requests outstanding or relevant facts under the control of the moving party." Abington Friends Sch, 480 F.3d at 257. Rule 56(d)" prescribes only that "a nonmovant show, by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."

Mr. Williams by prose provides a particularized statement of the discovery necessary for him to develop his claims. See Ex ___ ) For instance, Williams needs a opportunity to take the depositions of individual Defendants and other facts witnesses, because Defendants state of mind and motivations in regards to their acts or failures to act is highly relevant to the allegations in the amended Complaint (Id.) Additionally, Williams needs documents reflecting the procedures and practices regarding safety. (Id)

Since Mr. Williams has been afforded no opportunity to take discovery, let alone a reasonable one, and has submitted a particularized affidavit detailing his need for discovery, this court should deny Defendants motion or at least defer it's resolution until Williams has had a reasonable opportunity to obtain discovery. See Murphy v. Millennium Radio Grp. LLC, 650 F.3D 295, 309-310 (3rd Cir 2011) (granting request of party who had no opportunity for discovery as a matter of course).

### ii. Plantiff Exhausted His Administrative Remedies

Summary judgement is inappropriate for failure to exhaust administrative remedies, because Mr. Williams has created a genuine issue of facts about whether he has exhausted his remedies.

Defendants have submitted a declaration and documents purporting to show that williams failed to exhaust his administrative remedies. ~~Which they have~~ But Williams has his denial letter, And unanswered administrative remedies, proving that he fully Exhausted. (See Ev ____).) Either Defendants conducted an inadequate seach of the SENTRY system, or the system itself is inaccurate, Certainly, summary judgement for failure to Exhaust is not proper.

### 2. Defendants Are Not Entitled to Qualified Immunity

Genuine issues of material facts exist As to whether the individual Defendant's conduct violated Mr. Williams' clearly established Constitutional rights, the critical inquiry in Assessing qualified immunity. The doctrine of qualified immunity insulates government officials from liability for civil damages insofar As their conduct does not violate clearly established statutory or constitutional rights of which a reasonable personable person would have known. See HArlow v. Fitzgerald, 457 U.S. 800, 812 (1982). Whether a government official is entitled to qualified immunity involves A two-step Analysis. See SAUCIEr v. KAtz, 583 US 194, 201 (2001). Immunity depends

-14-

on: (1) Whether the facts alleged by Mr. Williams show the violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the alleged misconduct. See id. "Just as the granting of summary judgement is inappropriate when a genuine issue exists as to any material fact, a decision on qualified immunity will be premature when there are unresolved disputes of historical facts relevant to the immunity analysis." Curly v. Klem 298 F.3d 271, 278 (3d Cir. 2002). Thus, if there are material disputes as to facts relevant to the qualified immunity analysis, summary judgement is inappropriate. See Estate of Smith v. Marasco, 430 F.3d 140, 148 (3d Cir. 2005).

Defendants do not dispute that Mr. Williams had a clearly-established constitutional right to be reasonably protected from violence at the hands of other prisoners. They instead repackage their motion to dismiss argument that they were not aware of the danger confronting Mr. Williams, and that he has not pled with sufficient particularity the contents of his communications. That argument fails for the reasons set forth above.

They now add to claiming that they never received any of Mr. Williams communications, and that the search of yet another database has not retrieved any of Mr. Williams letters. Certainly the court should be skeptical of the Defendants representations with respect to the results of such a search, given the established inadequacy of their search for evidence of Mr. Williams exhaustion letter.

Precisely because individual Defendants declare that they never received those letters from Mr. Williams, nor had discussions with Mr. Williams, nor conducted any investigation into the serious danger danger he faced, material disputes as to facts relevant to the qualified immunity analysis have been created.

Further, Mr. Williams alleges that he was attacked by two members of the same gang within months. Certainly after Mr. Williams correctly predicted the initial assault in April 2017, a material issue of facts exist as to whether Defendants should have paid greater heed to his warnings prior to the Aug 2018 assault.

Accordingly, a decision on qualified immunity would be inappropriate at this stage of litigation. See Estate of Smith 430 F. 3rd A148.

– 16 –

3. Plaintiff's Claims Against the United States Are Not Barred by the Discretionary Function

The United States can avoid FTCA liability under the discretionary function exception, 28 U.S.C. 2680(a), only if it meets two requirements. See U.S. v. Gaubert, 499 U.S. 315, 322 (1991) (outlining two-step analysis) First, the negligent act must be one of judgement or choice. Id (nothing that requirement cannot be "satisfied if federal statute, regulation, or policy specifically prescribes a course of action for an employ to follow.") Second, if the act did indeed involve discretion, the United States must still show it was the type of discretion the exception, the was united states intended to protect, with a focus on whether the behavior was based on public policy considerations. Id at 322-23.

Defendant's United States argument fails to meet either requirement. The United States relies on Rinaldi v. United States for the proposition that "there is no federal statute, regulation or policy that require the BOP to take a particular course of action to ensure an inmate's safety from attacks from by other inmates". (quoting Rinaldi 460 Fed. App'x. 80, 81 (3d Cir Feb 3, 2012)(internal quotations omitted). This reliance is misplaced; however, because in this case, several individual defendants

concede that they had policies in place to protect
Mr. Williams as follows:

If an inmate would have expressed concerns
for his safety to me, either orally or in
writing I would have referred the same
to the Lt. or S.I.S. for investigation
And appropriate action. ~~If there was~~
~~imminent safety concern I would have~~
~~re-assigned the~~

(Decl of Myrna Bridges (Ex __) See also, ch.,
Decl of Francis VanKirk (Ex __). Moreover,
individual Defendants utter refusal to aid
Mr. Williams is not the type of policy decision
intended to shield liability. See Gaubert, 499 U.S
At 3j2-23.

Thus discover is critically necessary to determine
Whether those recognized duties were triggered,
And summary judgement at this early stage is
inappropriate.

IV. Conclusion

Plaintiff Williams has plausibly alleged facts that
state claims Against Defendants, and As such,
he is entitled to discovery on these claims. This
motion is premature in this case. Defendants
hand-picked documents And declarations free from

- 18 -

cross-examination fall well short of a true
record as contemplated by Rule 56.

For the foregoing reasons, Mr. Williams request
that the Court deny Defendants motion to Dismiss
And for Summary Judgement in it's entirety.

Respectfully

Darrell Williams
U. S. P. # 26008-044
P. O. Box 980
Waymart, Pa 18427

- 19 -

# CERTIFICATE OF SERVICE

I, Williams, Darroll _____, hereby certify that I have served a true
and correct copy of the foregoing: Plaintiff's Memo in opposition to Defendants

Motior to Dismiss And for Summary

Judgement.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:  1st Court Clerk

E

AUSA

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 11th ___ day of June ___, 2001

Respectfully Submitted,

Darvell Williams

REG. NO: _____