IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DARRELL WILLIAMS,**

          **Plaintiff,**

v.                                           **Civil Action No. 5:20-CV-00019**

**UNITED STATES OF AMERICA, et al.,**

          **Defendants.**

**DEFENDANTS' REPLY TO MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

      Now come, the Defendants, by counsel, Maximillian F. Nogay, Assistant United States Attorney for the Northern District of West Virginia, and file this Reply to Plaintiff's Response in Opposition to the Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment.

      Citing to Third Circuit law, Plaintiff seemingly blends his FTCA claim(s) with his *Bivens* claim(s), averring that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners under the Eight Amendment." ECF No. 93 at PageID #709-710. "To allege a breach of this duty," Plaintiff avers, "the plaintiff must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberate indifference to that substantial risk for his health and safety, and (3) the official's deliberate indifference caused him harm." *Id*. In the Fourth Circuit, prison officials can be liable under § 1983 for failure to protect inmates against violence at the hands of other prisoners. *See Duncan v. Farmer*, No. 3:18-01355, 2020 U.S. Dist. LEXIS 104916, at *13 (S. D. W. Va. June 16, 2020) citing *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "Yet to actually state an Eighth Amendment claim against the unnamed officer, Plaintiff must make two showings: (1) that the officer "acted with a sufficiently culpable state of mind

1

(subjective component)" and (2) that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Duncan v. Farmer*, No. 3:18-01355, 2020 U.S. Dist. LEXIS 104916, at *13 (S. D. W. Va. June 16, 2020) quoting *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008).

As discussed herein below, Plaintiff's recitation of the law, his alleged elements he must prove, and his recitation of the facts are incorrect. Further, Plaintiff failed to exhaust his administrative remedies as to his *Bivens* claims.

I. **PLAINTIFF'S TORT CLAIMS ARE NOT COGNIZABLE UNDER THE FTCA**

The FTCA provides that the BOP owes prisoners a duty of care to ensure the safekeeping, care, subsistence, and protection of all prisoners. *See* 18 U.S.C. § 4042; *United States v. Muniz*, 374 U.S. 150 (1963). West Virginia law further provides that the duty of care owed to inmates is one of reasonable care. *See McNeal v. United States*, 979 F.Supp. 431 (N. D. W. Va. 1997). Nonetheless, Congress created certain exceptions to the United States' liability as established by the FTCA, including the discretionary function exception as set forth at 28 U. S. C. § 2680(a). Section 2680(a) provides, in relevant part, that the provisions of the Federal Tort Claims Act shall *not* apply to any claim based upon an act or omission of an employee of the government exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance, or the failure to exercise or perform a discretionary function or duty on the part of the federal agency, or an employee of the government, whether or not the discretion involved be abused.

Upon arrival at USP Hazelton on April 18, 2017, Plaintiff completed a SIS screening interview form. Responding to the question :"Any reason/issue that would preclude you from being housed in General Population?," he wrote: " I brought to SIS attention that I have previously

2

been assaulted by Mid West inmate." Sealed Exhibit 1 to ECF No. 80, Barclay Dec. at Attachment C, SIS Intake Screening Interview Form. BOP Program Statement 5180.05 addresses categories of inmates that require special supervision and addresses the separation of individual inmates who may not be housed in the same institution with other specified individuals for various reason. However, the BOP has no policy or procedures that require separation of an inmate from an entire group or gang of inmates based on past encounters with individual gang members. *See* Sealed Exhibit 1, Barclay Dec. at ¶ 7.

Determination of an inmate's separation status is a decision grounded in the social, political, and economic policy of the BOP. Thus, the assignment of a separation order is a matter of discretion on the part of BOP officials. The facts of this case are analogous to *Usry v. United States*, No. 5:11CV141, 2013 WL 1196650, at *1 (N.D.W. Va. Mar. 25, 2013), aff'd, 545 F. App'x 265 (4th Cir. 2013). In *Usry*, the plaintiff argued that the government was negligent in placing him in general population with an inmate from a security threat group, the "Dirty White Boys ("DWBs")," because the United States knew that the DWBs posed a threat to him. The United States argued that there was no mandate that the plaintiff had to be separated from all DWBS, and that the plaintiff's attacker, although a member of the DWBs, was not a specific separatee from the plaintiff. Therefore, all decisions regarding the placement of the plaintiff and his attacker were discretionary and fell within the discretionary function exception of the FTCA. The district court agreed and found the government's decisions to place the plaintiff and his attacker in the general population fell within the discretionary function exception to the FTCA. *See Usry*, 2013 WL 1196650, at *8.

In his lengthy, nearly illegible Response, Plaintiff does not provide a statute, regulation, or the like that the BOP negligently failed to follow or comply with. Therefore, the BOP's decision

3

to place Plaintiff in general population was within its discretion and falls within the discretionary function exception to the FTCA.

## II. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS TO HIS *BIVENS* CLAIMS

The exhaustion requirement for a *Bivens* claim is separate and distinct from the exhaustion requirements under the Federal Tort Claims Act ("FTCA"). *See Barnes v. Masters*, 2017 WL 4276829 (S. D. W. Va. Sept. 26, 2017) citing *Fulwylie v. Waters*, 2009 WL 3063016, at *5 (N. D. W. Va. Sept. 22, 2009). The Defendants acknowledge that Plaintiff filed an SF95 regarding tort claim(s) but aver that he did not file any administrative remedies regarding the *Bivens* allegations in this civil action. *See* ECF No. 93-2 at PageID #737.

Plaintiff, citing to Exhibit B, responded that he "has a denial letter stating that he has fully exhausted his administrative remedies." ECF No. 93 citing ECF No. 93-2. That "denial letter" pertains solely to Plaintiff's tort claims. *See* ECF No. 93-2 at PageID #737. Plaintiff provides numerous "cop outs," none of which mention or reference a violation of Plaintiff's constitutional rights. In those administrative remedies dating August 2018 through July 2019, Plaintiff "request[s] that all video recordings…be kept for legal purpose" and that "this matter be investigated." ECF No. 93-2 at PageID #726-731.

Plaintiff also provides a series of "cop outs" dated April 20, 2017, May 20, 2017, and June 29, 2017, in which he apparently requests to be placed in "PC" and alleges that his life was in danger because he was a "snitch" and "provided info to the government. *Id*. at PageID #733-735. Notably, none of these grievances are marked as received nor are they reflected on the BOP's Administrative Remedy Generalized Retrieval Form. *See* Sealed Exhibit 4 to ECF No. 80, Declaration of Howard Williams (Williams Dec.) at Attachment B. The Defendants therefore maintain that, between April 18, 2017 and December 12, 2018, Plaintiff did not

file a single administrative remedy regarding prison staff's failure to separate him from Mid-West inmates. Therefore, Plaintiff failed to exhaust his administrative remedies and his *Bivens* claims should be dismissed.

### III. PLAINTIFF'S PURPORTED *BIVENS* CLAIMS CANNOT BE SUSTAINED AS A MATTER OF LAW

Reiterating the Defendants' arguments raised in the Motion to Dismiss, prison officials can be liable under § 1983 for failure to protect inmates against violence at the hands of other prisoners. *See Duncan v. Farmer*, No. 3:18-01355, 2020 U.S. Dist. LEXIS 104916, at *13 (S. D. W. Va. June 16, 2020) citing *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "Yet to actually state an Eighth Amendment claim against the unnamed officer, Plaintiff must make two showings: (1) that the officer "acted with a sufficiently culpable state of mind (subjective component)" and (2) that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Duncan v. Farmer*, No. 3:18-01355, 2020 U.S. Dist. LEXIS 104916, at *13 (S. D. W. Va. June 16, 2020) quoting *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008).

Here, Plaintiff alleges that he "informed SIS tech Jane Doe that [he] feared being placed into general population because [he] had previously been assaulted by Mid-West inmates, and a hit had been placed on [his] life, by mid west federal inmates…" *See* Complaint, ECF No. 37, PageID #294. Plaintiff then alleges that he was assaulted twice, once on April 20, 2017 and again on August 1, 2018. However, Plaintiff provides no evidence that the individual defendants (Randy Keyes, Francis Vankirk, Myrna Bridges, and Warden J. Coakley) knew of and disregarded an excessive risk to his health and safety, let alone possessed a sufficiently culpable state of mind. Plaintiff's allegations are unsupported by any evidence. BOP staff deny that Plaintiff alerted them to any danger or requested to be placed in protective custody. *See* Sealed Exhibits 1, 2, 3 to ECF

No. 80, generally. Further, the investigations that followed each assault found that the assaults were the result of Plaintiff's interaction with his assailants prior to the assaults and had nothing to do with a danger from Mid West inmates in general. *See* Sealed Exhibit 1 to ECF No. 80, Barclay Dec. at ¶ 11, 14. In fact, as stated hereinbefore, after the assault on April 20, 2017, the Mid West inmates specifically requested that Plaintiff return to general population, which he did without incident until approximately sixteen (16) months later. *Id.* at ¶ 13.

Despite Plaintiff's unfounded assertions that the individual defendants willfully violated his constitutional rights, there is absolutely no evidence that Plaintiff was "incarcerated under conditions posing a substantial risk of harm" and/or that prison officials knew of and disregarded the excessive risk to Plaintiff's safety. *See Farmer*, 511 U.S. at 834-837. Therefore, Plaintiff's *Bivens* claims must be dismissed with prejudice.

## **CONCLUSION**

The Defendants respectfully move this Court to dismiss Plaintiff's pending Amended Complaint pursuant to the Federal Tort Claims Act against the United States of America [ECF No. 30] and pending *Bivens* Complaint against Randy Keyes, Francis Vankirk, Myrna Bridges, and Warden J. Coakley [ECF No. 37].

          RANDOLPH J. BERNARD
          ACTING UNITED STATES ATTORNEY

By:   */s/ Maximillian F. Nogay*
       Assistant United States Attorney
       W. Va. Bar # 13445
       United States Attorney's Office
       P.O. Box 591
       1125 Chapline Street, Suite 3000
       Wheeling, WV 26003
       (304) 234-0100
       (304) 234-0112 fax
       Max.Nogay@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 20th day of July, 2021, a copy of the foregoing REPLY has been furnished for delivery via first-class mail to the following non-CM/ECF participants:

Darrell Henry Williams (Register No. 26008-044)
USP CANAAN
P.O. BOX 300
3057 ERIC J. WILLIAMS MEMORIAL DRIVE
WAYMART, PA 18472

                                                  RANDOLPH J. BERNARD
                                                  ACTING UNITED STATES ATTORNEY

By:   */s/ Maximillian F. Nogay*
        Assistant United States Attorney
        W. Va. Bar # 13445
        United States Attorney's Office
        P.O. Box 591
        1125 Chapline Street, Suite 3000
        Wheeling, WV 26003
        (304) 234-0100
        (304) 234-0112 fax
        Max.Nogay@usdoj.gov